# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANCISCA E. REMOT,
                        Appellant,

            v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                        Agency.

DOCKET NUMBER
CH-0752-15-0339-I-1

DATE: February 26, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy A. Bridge, Esquire, St. Charles, Illinois, for the appellant.

Robert Vega, Esquire, Hines, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

¶2    On February 19, 2014, the appellant, a GS-12 Clinical Pharmacist with the agency's Captain James A. Lovell Federal Healthcare Center in North Chicago, Illinois, sought leave to care for her brother while he recuperated from surgery in California. Initial Appeal File (IAF), Tab 7 at 28-32. The appellant requested to use her accrued leave and leave without pay (LWOP) under the Family and Medical Leave Act (FMLA). Beginning on February 24, 2014, she resided in California. IAF, Tab 4 at 8. After being informed that FMLA leave did not apply to her situation because it only could be used to care for parents, children, or spouses, IAF, Tab 7 at 27, the appellant resubmitted her leave request on February 25, 2014, this time for 414 hours of accrued sick leave from February 24, 2014, to May 5, 2014, and 60 hours of non-FMLA LWOP from May 6, 2014, to July 6, 2014. *Id.* at 19-25. On March 6, 2014, the appellant's supervisors approved her request to use her accrued leave, but disapproved her request for non-FMLA LWOP "due to staffing/other leave requests." *Id.* at 18. On April 17, 2014, the appellant was notified that her request for LWOP was

denied and that she must return to duty, effective May 6, 2014.[2]  *Id.* at 14-16. The appellant explained that she could not return by that date because she could not find anyone else to care for her brother on such short notice, but she was advised that the agency's decision was final.  IAF, Tab 4 at 8.  On April 22, 2014, the appellant informed her supervisors that she intended to retire, effective April 30, 2014, IAF, Tab 7 at 14, which she did, *id.* at 10.

¶3        The appellant had filed an equal employment opportunity (EEO) complaint in May 2013, alleging a failure to accommodate on the agency's part, and she filed a second one in June 2014 in which she alleged that the agency improperly denied her FMLA leave on April 17, 2014, and constructively discharged her on April 30, 2014.  The complaints were consolidated for the issuance of a Final Agency Decision (FAD).  IAF, Tab 1, FAD at 2.  Therein the agency found no discrimination or retaliation for protected EEO activity regarding the first complaint, no discrimination or retaliation in the agency's denial of FMLA leave, and no discrimination or retaliation regarding the appellant's claimed constructive discharge.  *Id.* at 9-18.  She was advised that, as to the latter claim, she could appeal the FAD to the Board, *id.* at 20, and she did, IAF, Tab 1 at 1-9.  On appeal, the appellant claimed that the agency misrepresented that her request for both accrued leave and LWOP for the period from February 23, 2014, through July 6, 2014, had been approved, and that, in reliance on that misrepresentation, she relocated to California, and that the agency failed to advise her that it had changed its decision to grant the LWOP in a timely manner sufficient to allow her to find a substitute caregiver for her brother.  She also alleged that her retirement application was the product of duress because she was told that her failure to report for duty on May 6, 2014, would result in disciplinary action up to and

---

[2] The agency also advised the appellant that it had, in fact, erred in granting her request for 414 hours of accrued sick leave because agency policy only allows employees to use 13 days of accrued sick leave each year to care for a family member, but that since it was the agency's error, her sick leave request was honored as approved.  IAF, Tab 7 at 16.

including removal, because circumstances permitted no other alternative, and because those circumstances were the result of coercive acts and misrepresentation on the part of the agency. The appellant also claimed that her retirement was the result of retaliation for her protected EEO activity. She requested a hearing. *Id.* at 9.

¶4    The administrative judge issued an order explaining that the appellant's appeal would be dismissed unless she made a nonfrivolous allegation that she retired because of duress, coercion, or misrepresentation by the agency and that, if she asked for a hearing, one would be held only if she supported her claim with affidavits or other evidence of facts which, if proven, could show that her retirement was involuntary because of duress, coercion, or misrepresentation. IAF, Tab 3. In her response, and in a sworn affidavit, the appellant argued that she reasonably relied on the agency's misrepresentations that her leave request had been approved by moving to California, that the agency's unilateral rescission of the previously approved leave, warnings of job termination, and demand that she return to duty while she was caring for her brother compelled her to choose between his health and her continued employment at the agency, and that her application was therefore clearly the product of duress, intimidation, and coercion by the agency. The appellant further argued that a reasonable fact finder could determine that the agency's actions were retaliatory. IAF, Tab 4. The agency moved that the appeal be dismissed for lack of jurisdiction. IAF, Tab 6.

¶5    In an initial decision based on the written record, the administrative judge dismissed the appeal for lack jurisdiction, IAF, Tab 8, Initial Decision (ID) at 2, 11,[3] finding that the appellant did not make a nonfrivolous allegation that her

---

[3] Because the administrative judge determined that the Board's lack of jurisdiction was apparent from the documentary record, she did not convene the requested hearing. ID at 2.

retirement was involuntary based on agency misinformation, coercion, or intolerable working conditions.[4]  ID at 7-10.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition,  PFR File, Tab 3. On review, the appellant argues that she did, in fact, raise a nonfrivolous allegation that her retirement was rendered involuntary based on misinformation provided by the agency, and that the administrative judge erred in weighing the evidence and resolving the parties' conflicting assertions in lieu of convening the requested hearing.  PFR File,  Tab 1 at 3-7.

¶7        An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation or retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Deines v. Department of Energy*, 98 M.S.P.R. 389, ¶ 11 (2005). In determining whether the appellant has made a nonfrivolous allegation of

_____

[4] The administrative judge further found that, to the extent the appellant was alleging disability discrimination, the Board lacks authority to review such a claim and that, in the absence of an otherwise appealable matter, the Board lacks jurisdiction to consider such allegations.  ID at 10.  Although the appellant did, in her EEO complaint, allege disability discrimination among other types of discrimination in connection with her alleged involuntary retirement, she did not raise discrimination before the Board, but only retaliation for EEO activity.  IAF, Tab 4 at 4.  When an appellant raises an allegation of discrimination, including retaliation for EEO activity, in connection with a claim of involuntariness, the allegation may be addressed, but only insofar as it relates to the issue of jurisdiction and not whether it would establish discrimination or retaliation as an affirmative defense.  *See Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001).  The administrative judge did not consider the appellant's claim of retaliation for EEO activity insofar as it related to the issue of jurisdiction. Nonetheless, any such error did not prejudice the appellant's substantive rights because, even if the administrative judge had considered this claim insofar as it relates to the issue of jurisdiction, the outcome would be the same.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶8 In addressing the appellant's claim that the agency provided her misinformation upon which she relied, the administrative judge found no documentary evidence showing that the appellant's request for LWOP was ever approved by anyone in her supervisory chain. ID at 7. The administrative judge considered evidence in the form of a quote from the Pharmacy Division Officer in a telephonic affidavit she provided to an EEO investigator a year and a half after the appellant retired, in connection with the appellant's second EEO complaint. Therein, the Officer stated that the appellant's leave package was originally approved. IAF, Tab 1 at 41. The administrative judge found, however, that that evidence was weakened by the Officer's subsequent statement to the effect that it was only the appellant's request for accrued leave that was approved and that her request for LWOP was disapproved based on staffing needs. ID at 7; IAF, Tab 1 at 41. Because this evidence was submitted by the appellant and not the agency, the administrative judge did not run afoul of *Ferdon* by considering it in concluding that the appellant failed to nonfrivolously allege that her retirement was involuntary due to agency misrepresentation.

¶9 The administrative judge credited the appellant's assertion that she was not informed that her request for LWOP was disapproved until April 17, 2014,[5] but found that the agency still provided her with sufficient time (19 days) to make

---

[5] The administrative judge found that the record did not establish that the agency's March 4, 2014 memorandum disapproving the appellant's request for non-FMLA LWOP was ever provided to her before she retired. ID at 5.

other arrangements for her brother's care and return to work such that, to the extent she relied on the approval, if any, of the requested period of LWOP, the agency acted diligently in clarifying any potential misunderstanding. ID at 7-8. While the appellant disputes that the agency's actions afforded her enough time to make alternate arrangements for her brother's care before having to return to duty on May 6, 2014, the granting of 2 weeks to an employee to consider her options has not been regarded as time pressure indicating involuntariness. *See Latham v. U.S. Postal Service*, 909 F.2d 500, 502 (Fed. Cir. 1990). Although the appellant argues that the agency should have granted her additional LWOP, the granting or denying of LWOP is discretionary with the agency. *Miller v. Department of Justice*, 28 M.S.P.R. 669, 672 (1985).

¶10　　　To the extent that the appellant claims that the agency failed to explain why it did not allow her to borrow leave or to receive donated leave, PFR File, Tab 1 at 8, it is of no moment because it is the appellant who bears the burden of proof as to jurisdiction in the case of an alleged involuntary retirement. 5 C.F.R. § 1201.56(a)(2)(i). In any event, the appellant has not alleged that she made such a request or that the agency would have been obligated to grant it. Moreover, it is well established that the fact that an employee is faced with an unpleasant situation or that her choice is limited to two unattractive options does not make the employee's decision any less voluntary. *Covington v. Department of Health & Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984). In sum, the appellant has not shown that the administrative judge erred in finding that she failed to make a nonfrivolous allegation of coercion by the agency concerning her retirement. *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (holding that the doctrine of coercive involuntariness does not apply where an employee decides to retire because he does not want to accept a measure that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels he has no realistic option but to leave).

¶11      Because the appellant failed to raise a nonfrivolous allegation that her retirement was involuntary, we find that the administrative judge did not err in not conducting a jurisdictional hearing. *Staats*, 99 F.3d at 1127.[6]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[6] With her petition for review, the appellant submitted documents that she submitted below. IAF, Tabs 1, 4. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

[7] In the initial decision, the administrative judge provided the appellant with mixed-case appeal rights. ID at 15-16. Notwithstanding the appellant's claim of retaliation for protected EEO activity, nonmixed-case appeal rights are appropriate inasmuch as the administrative judge dismissed the appeal for lack of jurisdiction and we have not disturbed that disposition. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015). Accordingly, we have provided the proper appeal rights in this Final Order.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.